| | |
|---|---|
| 1 | James G. Snell (Bar No. 173070) |
| | JSnell@perkinscoie.com |
| 2 | PERKINS COIE LLP |
| | 3150 Porter Drive |
| 3 | Palo Alto, CA  94304-1212 |
| | Telephone:  650.838.4367 |
| 4 | Facsimile:  650.838.4567 |
| 5 | Ryan Spear, *pro hac vice* forthcoming |
| | RSpear@perkinscoie.com |
| 6 | Nicola C. Menaldo, *pro hac vice* forthcoming |
| | NMenaldo@perkinscoie.com |
| 7 | PERKINS COIE LLP |
| | 1201 Third Avenue, Suite 4900 |
| 8 | Seattle, WA  98101-3099 |
| | Telephone:  206.359.8000 |
| 9 | Facsimile:  206.359.9000 |
| 10 | Attorneys for Defendant |
| | Amazon.com, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JENNIFER JOHNSON and JOSHUA KELLER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., a Delaware Corporation, <br><br> Defendant. | Case No. <br><br> **DEFENDANT AMAZON.COM, INC'S NOTICE OF FILING OF REMOVAL AND REMOVAL TO FEDERAL COURT** <br><br> [Removed from the Superior Court of the State of California for the County of Alameda, Case No. 23CV029587] <br><br> Complaint Filed: March 17, 2023 |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant Amazon.com, Inc. ("Amazon") hereby removes this civil action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, Oakland Division, under 28 U.S.C. §§ 1332(a), 1332(d), 1441, 1446, and 1453. Amazon hereby provides a short and plain statement of the grounds for removal pursuant to 28 U.S.C. §1446(a).

By filing this notice, Amazon does not concede any allegation, assertion, claim, or demand for relief in the Complaint filed by plaintiffs Jennifer Johnson and Joshua Keller ("Plaintiffs"). Amazon expressly denies that it has violated the California Invasion of Privacy Act ("CIPA") and that Plaintiffs' proposed class is proper and certifiable. Amazon intends to defend this matter vigorously, and reserves all defenses and objections to the allegations, assertions, claims, demands for relief, and supposed damages set forth in Plaintiffs' Complaint.

## BACKGROUND

1. On March 17, 2023, Plaintiffs filed a civil action titled *Jennifer Johnson and Joshua Keller v. Amazon.com, Inc.*, Case No. 23CV029587, in the Superior Court of the State of California, County of Alameda. A true and correct copy of Plaintiffs' Complaint and related documents served on Amazon is attached hereto as **Exhibit A**.

2. The Complaint alleges that Amazon provides to certain third-party customers a "business-to-business" service called Amazon Connect Voice ID. Ex. A ¶¶ 2, 5. The Complaint further alleges that, when consumers contact those third-party customers via telephone and interact with the Amazon Connect Voice ID service, the service determines the truth or falsity of the callers' statements without their consent. *See, e.g.*, *id*. ¶¶ 8, 32-38, 39-45, 46.

3. Based on those allegations, Plaintiffs assert a single cause of action for violation of Section 637.3(a) of CIPA, Cal. Penal Code § 637.3(a). *See id*. ¶¶ 52-58. For relief, Plaintiffs seek statutory damages under CIPA, declaratory relief, injunctive relief, and attorneys' fees and costs. *See id*. at 10-11 ("Prayer for Relief").

4. In addition, Plaintiffs seek to represent a proposed class of "[a]ll residents of the State of California who 1) had their voice prints or voice stress patterns recorded and examined by Amazon 2) to determine whether they are who they purport to be when identifying themselves to a business 3) without first obtaining prior written consent." *Id*. ¶ 46.

5. On or around March 22, 2023, Plaintiffs effected service of process of the summons and Complaint and related materials on Amazon. See **Exhibit A.** No other "process, pleadings, [or] orders" have been served on Amazon in the Superior Court of California in this matter. 28 U.S.C. § 1446(a).

## REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

6. This action is removable under 28 U.S.C. § 1441(a) because this Court would have had original jurisdiction under 28 U.S.C.§ 1332(d) and the Class Action Fairness Act of 2005 ("CAFA") had Plaintiffs filed this action initially in federal court. *See also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions). CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the proposed class consists of at least 100 members; (2) the parties are minimally diverse, meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant"; and (3) the aggregated amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2), (d)(5)(B).

**A.   This is a putative class action in which the aggregate number of proposed class members is 100 or more.**

7. This is a putative class action within the meaning of CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure *or similar State statute* or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B) (emphasis added).

8. Plaintiffs seek certification of their proposed class under California Code of Civil Procedure § 382, *see* Ex. A ¶ 46, which authorizes "representative actions" when "the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court." Because the requirements of § 382 are similar to those of Federal Rule of Civil Procedure 23, § 382 is a "similar State statute" under CAFA. *See Baumann v. Chase Inv. Serv's. Corp.*, 747 F.3d 1117, 1121 (9th Cir. 2014).

9. Further, Plaintiffs expressly allege that "there are thousands of people in the [putative] Class." Ex. A ¶ 47. Accordingly, while Amazon does not concede that the proposed class is proper or certifiable, and while Amazon does not concede that it violated CIPA or any other law, it is clear that Plaintiffs' putative class contains more than 100 individuals, as required by CAFA.

**B.     CAFA's diversity requirements are satisfied.**

10.    Diversity under CAFA exists if the citizenship of "any member of a class of plaintiffs is a citizen of a state different from any defendant." 28 U.S.C. § 1332(d)(2)(A). A corporate defendant, like Amazon, is deemed to be a citizen of every state "by which it has been incorporated [and] where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11.    Here, Plaintiffs allege that they are "citizens" of California, Ex. A ¶ 10-11, and Plaintiffs' proposed class consists solely of "residents of the State of California," *id.* ¶ 46.

12.    Further, Plaintiffs allege that Amazon is a Delaware corporation with its principal place of business in Seattle, Washington. *See id.* ¶ 12. Plaintiffs therefore allege that Amazon is a citizen of Delaware and Washington. *See* 28 U.S.C. § 1332(c)(1).

13.    Accordingly, because Plaintiffs and all putative class members are citizens and/or residents of California, and because Amazon is not a citizen of California, CAFA's diversity requirements are satisfied.

**C.     The amount in controversy exceeds $5,000,000.**

14.    CAFA allows courts to aggregate the claims of putative class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6).

15.    "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

16.    The amount in controversy includes claims for monetary damages, injunctive relief, restitution, penalties, attorneys' fees if recoverable by statute or contract, and punitive damages. *See, e.g.*, *Tuong Hoang v. Supervalu Inc.*, 541 Fed. App'x 747, 748 (9th Cir. 2013); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Bayol v. Zipcar, Inc.*, No. 14-CV-02483-TEH, 2015 WL 4931756, at *8-10 (N.D. Cal. Aug. 18, 2015).

17. "[A] defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015).

18. Here, the amount in controversy plainly "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

19. **First,** pursuant to § 637.3(c) of CIPA, Plaintiffs seek statutory damages totaling $1,000 for *each* purported violation of § 637.3(a) of CIPA. *See* Ex. A ¶ 58. Further, Plaintiffs expressly allege that there are at least 2,000 members of the putative class. *See id.* ¶ 47 (alleging that there are "thousands" of putative class members). Thus, assuming without conceding that at least 2,000 class members suffered a single violation of CIPA and are therefore each entitled to an award of statutory damages, Plaintiffs allege statutory damages of at least $2,000,000 (one statutory damages award of $1,000 multiplied by 2,000 class members).

20. Crucially, however, Plaintiffs also allege that they themselves experienced "numerous" and "multiple" violations of CIPA "within the past two years," *id.* ¶¶ 32, 39, and they seek $1,000 in statutory damages "for each violation of CIPA," *id.* ¶ 58. Further, Plaintiffs allege that their claims and experiences are typical of other putative class members' claims and experiences. *See id.* ¶ 49 (alleging that Plaintiffs' claims "are typical of all the other members of the Class" and that putative class members "sustained substantially similar damages" based upon "the same interactions" with Amazon Connect Voice ID).

21. Thus, assuming without conceding that each member of the putative class could recover a statutory damages award of $1,000 for each alleged violation of CIPA, and assuming without conceding that each member of the putative class, like Plaintiffs, suffered "numerous" and "multiple" violations, Plaintiffs allege statutory damages for the putative class of at least $6,000,000 (interpreting "numerous" and "multiple" CIPA violations conservatively to mean "at least three" violations, multiplied by $1,000 in statutory damages for a total of $3,000 in statutory damages per putative class member, multiplied by at least 2,000 class members, for a total of $6,000,000).

22. **Second,** this Court may consider the costs of Plaintiffs' requested injunctive relief when calculating the amount in controversy. *See* Ex. A at 11 ("Prayer for Relief"); *see also Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977); *Tuong Hoang*, 541 Fed. App'x at 748. And those costs substantially increase the amount in controversy. The upshot of Plaintiffs' claims is that Amazon should be prohibited from providing the Amazon Connect Voice ID service altogether, or at least that Amazon should be required to fundamentally change the way that it operates and/or provides the Amazon Connect Voice ID service to its customers. Accordingly, compliance with any injunctive relief that might hypothetically be ordered (though Amazon vigorously denies that Plaintiffs are entitled to any such relief) could easily overtake the jurisdictional amount.

23. In short, although Amazon does not concede and expressly denies that it violated the law in any way, it is apparent from the Complaint that the aggregated amount in controversy for Plaintiffs' claims exceeds $5,000,000.

**D.    None of CAFA's exceptions bars removal of this action.**

24. No defendant is a state, state official, or a government entity. *See* 28 U.S.C. § 1332(d)(5)(A) (explaining that §§ 1332(d)(2)-(4) do not apply when defendants are States, State officials, or other governmental entities).

25. Plaintiffs' claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id*. § 1453(d) (same).

**REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(a)(1) and 1441(b)**

26. This action is also removable under 28 U.S.C. §§ 1332(a)(1) and 1441(b) because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. *See, e.g.*, *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prod's. Liability Litig.*, MDL No. 2672, 2019 WL 670607, at *3 (N.D. Cal. 2019).

**A.     There is complete diversity of citizenship.**

27.     Plaintiffs are both citizens of California, *see* Ex. A ¶¶ 10, 11, but Amazon is not, *see id.* ¶ 12. The parties are therefore completely diverse.

**B.     The amount in controversy exceeds $75,000.**

28.     **First,** as explained above, *see supra* at ¶ 19, the named Plaintiffs seek statutory damages totaling $1,000 for *each* violation of § 637.3(a) that they purportedly suffered. *See id.* ¶ 58. Further, Ms. Johnson alleges that she suffered "numerous" violations, while Mr. Keller alleges that he suffered "multiple" violations of CIPA. *Id.* ¶¶ 32, 39. Because Plaintiffs do not explain what they mean by "numerous" and "multiple," this Court may assume, conservatively, that each Plaintiff is alleging at least three violations of CIPA, for a total of six violations. Accordingly, although Amazon does not concede and expressly denies that it violated the law in any way, Plaintiffs allege statutory damages for themselves of at least $3,000 (three purported CIPA violations multiplied by $1,000 in statutory damages for a total of $3,000 in statutory damages per named Plaintiff).

29.     **Second,** as explained above, *see supra* at ¶ 22, this Court may also consider the costs of Plaintiffs' requested injunctive relief when calculating the amount in controversy. *See* Ex. A at 11 ("Prayer for Relief"); *see also Hunt*, 432 U.S. at 347. And, standing alone, those costs could easily overtake the jurisdictional amount.

30.     In short, it is apparent from the Complaint that the amount in controversy for Plaintiffs' individual claims against Amazon exceeds $75,000.

## PROCEDURAL STATEMENT

**A.     All defendants consent to removal.**

31.     Amazon is the only defendant named in the Complaint, and only Amazon has been served as of the filing of this Notice of Removal.

**B.     This removal is timely.**

32.     Plaintiffs served Amazon on March 22, 2023. This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) because Amazon filed this Notice of Removal within thirty (30) days after it was personally served. *See Murphy Bros., Inc. v. Michetti Pipe*

1  *Stringing, Inc.*, 526 U.S. 344, 47-48 (1999) (30-day removal period is not triggered until formal
2  service); *Big B Auto. Warehouse Distribs., Inc. v. Cooperative Computing, Inc.*, No. SC-00-
3  2602, 2000 WL 1677948, at *4 (N.D. Cal. Nov. 1, 2000).

**C.     Venue is proper.**

33.     Venue properly lies in the United States District Court for the Northern District of California, Oakland Division, pursuant to 28 U.S.C. §§ 84(a) and 1441(a), because the Complaint was initially filed in Alameda County.

**D.     Amazon will provide notice to the state court and Plaintiffs' counsel.**

34.     Pursuant to 28 U.S.C. § 1446(d), Amazon is filing a copy of this Notice with the Superior Court of the State of California, County of Alameda, where this case was originally filed, and providing written notice of this removal to Plaintiffs by serving Plaintiffs' counsel.

**E.     All state court pleadings are attached.**

35.     In accordance with 28 U.S.C. § 1446(a), copies of all processes, pleadings, and orders served upon Amazon in this action are attached as **Exhibit A**. A true and correct copy of the Alameda Superior Court docket for this action is attached as **Exhibit B**.

<u>**NON-WAIVER OF DEFENSES**</u>

36.     Amazon expressly reserves all of it defenses. By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law. Nothing in this Notice of Filing of Removal and Removal to Federal Court should be taken as an admission that Plaintiffs' allegations are sufficient to state a claim or have any substantive merit. In addition, Amazon does not concede that Plaintiffs state any claim upon which relief can be granted, that Plaintiffs or the putative class are entitled to any relief of any kind or nature, or that Plaintiffs' proposed class is proper, lawful, or certifiable. If any questions arise as to the propriety of the removal of this action, Amazon respectfully requests the opportunity to submit additional papers and to present oral argument.

WHEREFORE, Amazon hereby removes the above-entitled case to this Court.

DATED: April 21, 2023

**PERKINS COIE LLP**

By: */s/ James G. Snell*
James G. Snell, Bar No. 173070
JSnell@perkinscoie.com

Ryan Spear, *pro hac vice* forthcoming
RSpear@perkinscoie.com

Nicola C. Menaldo, *pro hac vice* forthcoming
NMenaldo@perkinscoie.com

Attorneys for Defendant
Amazon.com, Inc.