# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>03/17/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ A. Linhares _____ Deputy |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMAZON.COM, INC., a Delaware Corporation,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JENNIFER JOHNSON and JOSHUA KELLER, individually and on behalf of all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law l brary, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Hayward Hall of Justice, 24405 Amador Street, Hayward, CA 94544 | CASE NUMBER:<br>*(Número del Caso):*<br>**23CV029587** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Rafey Balabanian (SBN 315962), Edelson PC, 150 California Street, 18th Floor, San Francisco, CA 94111, 415.212.9300

| DATE:<br>*(Fecha)* 03/17/2023 Chad Finke, Executive Officer / Clerk of the Court | Clerk, by<br>*(Secretario)* A. Linhares | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Amazon.com, Inc., a Delaware Corporation,

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.212.9300
Fax: 415.373.9435

*Counsel for Plaintiffs*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**03/17/2023 at 06:09:53 PM**
By: Angela Linhares,
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

JENNIFER JOHNSON and JOSHUA
KELLER, individually and on behalf of all
others similarly situated,

*Plaintiffs,*

v.

AMAZON.COM, INC., a Delaware
Corporation,

*Defendant.*

Case No.:  23CV029587

**CLASS ACTION COMPLAINT FOR:**

**(1) Violation of Cal. Penal Code §
637.3**

**DEMAND FOR JURY TRIAL**

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Jennifer Johnson and Joshua Keller bring this Class Action Complaint and

Demand for Jury Trial against Defendant Amazon.com, Inc. ("Amazon") to put a stop to its

unlawful use, examination, and recording of Plaintiffs' and putative Class members' biometric

voice prints or other voice stress patterns. Plaintiffs, for this Class Action Complaint, allege as

follows upon personal knowledge as to themselves and their own acts and experiences and, as to all

other matters, upon information and belief.

### NATURE OF THE ACTION

1.    Beyond its well-known store, Amazon also sells a suite of business-to-business

services—many of which are invisible, functioning entirely in the background from the perspective

1   of the average consumer.

2       2.      As one of its business-to-business services, Amazon markets and sells artificial

3   intelligence software that allows other businesses to record and analyze their customers' voices.

4   Amazon describes its technology, called Amazon Connect Voice ID, as a program "to provide real-

5   time caller authentication and fraud risk detection to make voice interactions faster and more

6   secure."

7       3.      Amazon's software represents a new generation of lie detector tests—one that is far

8   more advanced than an old-fashioned polygraph that can only ask binary "yes" or "no" questions.

9   Amazon listens to an individual's voice analyzing their rhythm, pitch, and tone of voice to

10  determine whether they are a potential fraudster or telling the truth when they identify themselves to

11  a business. Amazon performs its voice examination entirely "in the background" of each

12  engagement or phone call. In other words, Amazon's software is designed to listen to the

13  consumer's voice quietly in the background of a call, and in such a way that consumers will likely

14  be entirely unaware they are unknowingly interacting with a third-party company.

15      4.      Amazon's software is becoming increasingly popular in the digital era, as businesses

16  seek to analyze their customers' voices who are dialing into their call centers. Amazon developed

17  proprietary software that records a consumer's voice and then examines that voice to determine

18  whether the caller is a potential fraudster, and—above all—whether the caller is telling the truth

19  when identifying themselves and attempting to gain access to their customer account. Businesses

20  can integrate Amazon's software into their own call centers to determine whether the consumer is

21  who they purport to be.

22      5.      Amazon's software is used by a variety of companies, such as Best Western and

23  Labcorp. Both Best Western and Labcorp use Amazon's software to examine consumers' voices

24  when they call their respective customer service call center.

25      6.      The use of voice analysis software without a consumer's consent poses a serious

26  privacy risk. Voices are highly personal and can reveal surprising amount of information about the

27  individual, such as the individual's mental state and behaviors. For instance, machine-learning

28

CLASS ACTION COMPLAINT                    2

1  analysis of an individual's voice can reveal whether that individual is suffering from anxiety, the

2  probability of the individual defaulting on their loan, and even the likelihood of them leaving a job.

3       7.     Recognizing the need to protect its citizens from situations like these, California

4  enacted the California Invasion of Privacy Act ("CIPA"), and specifically Cal. Penal Code § 637.3,

5  to regulate companies that record and/or examine California citizens' voice prints or voice stress

6  patterns without first obtaining consumers' prior express written consent. If left unchecked,

7  California citizens are at risk of unknowingly having their voices being analyzed and mined for data

8  by third parties to make various determinations about their lifestyle, health, credibility, and

9  trustworthiness.

10       8.     Despite this law, Defendant Amazon disregards consumers' statutorily protected

11  privacy rights and unlawfully uses, records, and/or examines their biometric voice print or voice

12  stress pattern data in violation of CIPA. Specifically, Defendant has violated (and continues to

13  violate) the CIPA because it uses a system which examines and records California residents' "voice

14  prints or other voice stress patterns . . . to determine the truth or falsity of statements made by such

15  other person" without first obtaining their express written consent. Cal. Penal Code § 637.3(a).

16       9.     Accordingly, this Complaint seeks an Order: (i) declaring that Defendant's conduct

17  violates CIPA; (ii) requiring Defendant to cease the unlawful activities discussed herein; and (iii)

18  awarding damages to Plaintiffs and the proposed Class.

19                                         **PARTIES**

20       10.     Plaintiff Jennifer Johnson is a natural person and a citizen of the State of California.

21       11.     Plaintiff Joshua Keller is a natural person and a citizen of the State of California.

22       12.     Defendant Amazon.com, Inc., is a corporation existing under the laws of the State of

23  Delaware with its principal place of business located at 410 Terry Avenue North, Seattle,

24  Washington 98109.

25                    **JURISDICTION AND VENUE**

26       13.     This Court has jurisdiction over this action pursuant to Article VI, Section 10 of the

27  California Constitution because this case is a cause not given by statute to other trial courts.

28

CLASS ACTION COMPLAINT       3

14.     This Court has personal jurisdiction over Defendant because it conducts business in this State, and the conduct alleged in this Complaint occurred in, and/or emanated from, this State.

15.     Venue is proper in this Court because the conduct at issue occurred in, and/or emanated, at least in part, from this County and at least one Plaintiff resides in this County.

## FACTUAL BACKGROUND

### I.     The California Invasion of Privacy Act.

16.     The California Legislature enacted the Invasion of Privacy Act to protect the privacy rights of California citizens. The legislature expressly recognized that devices and techniques which create a serious threat to the free exercise of personal liberties cannot be tolerated in a free and civilized society.

17.     As part of the Invasion of Privacy Act, the California Legislature introduced Penal Code § 637.3. Its purpose was to prohibit any person or entity from using "any system which examines or records in any manner voice prints or other voice stress patterns of another person to determine the truth or falsity of statements made by such other person without his or her express written consent given in advance of the examination or recordation." Cal. Penal Code § 637.3(a).

18.     By including § 637.3 in the Invasion of Privacy Act, the California Legislature intended the statute to protect, *inter alia*, California citizens' privacy rights.

19.     Examining an individual's voice stress pattern includes analyzing their phonetic features (such as their unique speech patterns, characteristics, tone, rhythm, and pitch) from their voice. Such examination reveals a significant amount of information about the individual and can even reveal the speaker's behavioral traits and determine the truthfulness of their statements.

20.     The California Legislature intended to protect individuals from the unauthorized recording and examination of their voice prints and voice stress patterns, especially when it takes place without an individual's knowledge or permission. Such surreptitious recordings and examination pose a serious threat to California residents' personal liberties.

21.     Individuals may bring an action against the violator of this section of CIPA to recover actual damages or $1,000, whichever is greater. *See* Cal. Penal Code § 637.3(c).

**II.    Amazon Violates the California Invasion of Privacy Act.**

22.    Polygraph tests have traditionally been administered on individuals to ostensibly determine whether they are telling the truth. Polygraph tests measure several physical indicators such as an individual's heart rate, breathing rate, skin conductivity, and blood pressure while being asked questions. The theory behind a polygraph test is that deceptive answers will produce different physical responses from truthful answers.

23.    Similarly, voice stress analysis tests seek to determine whether an individual is being deceptive by analyzing indicators in the speaker's verbal response. A voice stress test relies on the theory that the certain verbal cues, such as the speaker's tone, pitch, rhythm, micro-tremors, and other subtle changes in voice convey information about the physiological and psychological state of the speaker.

24.    Amazon sells artificial intelligence powered voice analysis software called "Amazon Connect Voice ID," which is a tool intended to be integrated into the call centers of companies that have licensed Amazon's software. The businesses using Amazon's software include Best Western and Labcorp, among others. These companies and other customers use Amazon's software to examine consumers' voices and determine whether they are telling the truth when introducing themselves to the business over the phone.

25.    Amazon accomplishes this by administering a new generation of a lie detector test powered by machine learning. Amazon analyzes various attributes of an individual's voice and makes a determination about their credibility. When an individual calls into a business using Amazon's Voice ID software and introduces themselves to the business, Amazon "analyzes speech attributes like rhythm, pitch, and tone" of the caller. Amazon then determines whether the caller is who they purport to be—or more accurately, whether the individual is telling the truth when identifying themselves.

26.    Amazon also allows its business customers to create a watchlist of potential fraudsters. When an individual calls into a business who licensed Amazon's Voice ID software,

1    Amazon examines the individual's voice, "returns a fraud risk score between 0 and 100," and

2    "automatically flag[s] suspicious callers."

3         27.     The consequences of amassing a database of suspected "fraudsters" classified solely

4    through voice analysis performed by artificial intelligence is dire. As a preliminary matter, artificial

5    intelligence is extremely susceptible to racial and gender bias. It has been shown that artificial

6    intelligence struggles to properly identify voices of non-white people and women. The danger that

7    non-white people and women (and almost anyone) could be improperly classified by artificial

8    intelligence as liars and fraudsters is serious.

9         28.     Yet, the fear of being improperly classified as a liar by software like Amazon Voice

10   ID is a reality. When First Direct, an HSBC affiliated bank, decided to use voice examination

11   technology in its call centers, some individuals complained that they were locked out of their

12   accounts because the software determined the individual was not who they purported to be. One

13   woman commented, "I was locked out of my account for two weeks, which really put me in

14   jeopardy because I was unable to pay my bills."

15        29.     Worst of all, Amazon surreptitiously examines consumers' voices without their

16   knowledge or express written consent. In fact, Amazon's software seamlessly incorporates into its

17   customers' call centers, without adequate notice (or any at all) to consumers that Amazon and its

18   machine-learning lie detector test are even involved in the call.

19        30.     Neither Amazon nor its call center customers inform the consumer that Amazon is

20   listening in on the call or that Amazon will examine the caller's voice and subsequently use it to

21   verify whether they are who they purport to be—let alone obtain express written consent as required

22   by Cal. Penal Code § 637.3(a).

23        31.     Ultimately, Amazon's conduct disregards consumers' statutorily protected privacy

24   rights in violation of CIPA.

25                **FACTS SPECIFIC TO JENNIFER JOHNSON**

26        32.     Plaintiff Jennifer Johnson has called Best Western's customer support call center on

27   numerous occasions within the past two years.

28

33.     Unbeknownst to Jennifer Johnson, when she called Best Western's customer support, Amazon recorded and examined her voice.

34.     When Jennifer Johnson called Best Western's customer support, Amazon's technology examined her voice to determine the truth or falsity of her statements—more specifically to determine whether Jennifer Johnson is the person who she purports to be when identifying herself to Best Western.

35.     Neither Amazon nor Best Western disclosed to Jennifer Johnson that her voice was being recorded or analyzed by Amazon for any purpose whatsoever.

36.     Plaintiff Jennifer Johnson did not give her consent—written or otherwise—to Amazon to examine or analyze her voice for any purpose whatsoever.

37.     Plaintiff Jennifer Johnson has, therefore, been exposed to the risks and harmful conditions created by Defendant's violations of CIPA alleged herein.

38.     Plaintiff Jennifer Johnson seeks statutory damages under CIPA as compensation for the injuries Defendant has caused.

**FACTS SPECIFIC TO JOSHUA KELLER**

39.     Plaintiff Joshua Keller has called Labcorp's customer support call center multiple times during the past two years.

40.     Unbeknownst to Joshua Keller, when he called Labcorp's customer support, Amazon examined his voice.

41.     When Joshua Keller called Labcorp's customer support, Amazon's technology examined his voice to determine the truth or falsity of his statements—more specifically to determine whether Joshua Keller is the person who he purports to be when identifying himself to Labcorp.

42.     Neither Amazon nor Labcorp disclosed to Joshua Keller that his voice was being recorded or analyzed by Amazon for any purpose whatsoever.

43.     Plaintiff Joshua Keller did not give his consent—written or otherwise—to Amazon to examine or analyze his voice for any purpose whatsoever.

44.    Plaintiff Joshua Keller has, therefore, been exposed to the risks and harmful conditions created by Defendant's violations of CIPA alleged herein.

45.    Plaintiff Joshua Keller seeks statutory damages under CIPA as compensation for the injuries Defendant has caused.

## CLASS ALLEGATIONS

46.    **Class Definition**: Plaintiffs Jennifer Johnson and Joshua Keller bring this action pursuant to California Code of Civil Procedure § 382 on behalf of themselves and a Class of similarly situated individuals, defined as follows:

> All residents of the State of California who 1) had their voice prints or voice stress patterns recorded and examined by Amazon 2) to determine whether they are who they purport to be when identifying themselves to a business 3) without first obtaining prior written consent.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

47.    **Ascertainability and Numerosity**: The exact number of Class members is unknown to Plaintiffs at this time, but on information and belief, there are thousands of people in the Class, making joinder of each individual member impracticable. Additionally, the Class is ascertainable because its members will be easily identified through Defendant's records.

48.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

> a)    whether Defendant used a system which examines or records the voice prints or voice stress patterns of the Plaintiffs and the Class;

b) Whether Defendant used voice prints or voice stress patterns to determine the truth or falsity of statements made by Plaintiffs and the Class; and

c) Whether Defendant obtained prior express written consent from Plaintiffs and the Class.

49.    **Typicality**: Plaintiffs' claims are typical of the claims of all the other members of the Class. Plaintiffs and the Class members sustained substantially similar damages as a result of Defendant's uniform wrongful conduct, based upon the same interactions that were made uniformly with Plaintiffs and the Class.

50.    **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex litigation and class actions. Plaintiffs have no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiffs. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

51.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions ensured.

**CAUSE OF ACTION**
**Violation of Cal. Penal Code § 637.3**
**(On Behalf of Plaintiffs and the Class)**

52.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

53.    CIPA prohibits any person or entity in the State of California to use "any system which examines or records in any manner voice prints or other voice stress patterns of another person to determine the truth or falsity of statements made by such other person without his or her express written consent given in advance of the examination or recordation." Cal. Penal Code § 637.3(a).

54.    Defendant is a corporation and therefore an "entity" under CIPA. *Id.*

55.    When Plaintiffs and the Class called call centers using Amazon's software (including, for example, Best Western and Labcorp) and identified themselves, Defendant automatically enrolled Plaintiffs' and the Class's voice prints into their voice print database.

56.    Defendant examined and recorded their voice prints or voice stress patterns to determine the truth or falsity of their statements. In other words, Defendant used its biometric voice recognition software and voice stress analysis to examine the caller's voice and determine whether they are who they claim to be.

57.    Defendant did not obtain express written consent from Plaintiffs and the Class to use, examine, or record their voice prints or voice stress patterns for any purpose whatsoever.

58.    On behalf of themselves and the Class, Plaintiffs Jennifer Johnson and Joshua Keller seek: (1) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with CIPA's requirements for the use, recording, and examination of voice prints as described herein; and (2) damages of $1,000 for each violation of CIPA pursuant to Cal. Penal Code § 637.3(c).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Jennifer Johnson and Joshua Keller, on behalf of themselves and the Class, respectfully request that the Court enter an Order:

A.    Certifying this case as a class action on behalf of the Class defined above, appointing

1   Plaintiffs Jennifer Johnson and Joshua Keller as representatives of the Class, and appointing their

2   counsel as Class Counsel;

3       B.      Declaring that Defendant's actions, as set out above, violate CIPA;

4       C.      Awarding statutory damages of $1,000 for each violation of CIPA pursuant to Cal.

5   Penal Code § 637.3(c);

6       D.      Awarding injunctive and other equitable relief as is necessary to protect the interests

7   of the Class;

8       E.      Awarding Plaintiffs and the Class their reasonable litigation expenses and attorneys'

9   fees;

10      F.      Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent

11  allowable; and

12      G.      Awarding such other and further relief as equity and justice may require.

13                                      **JURY TRIAL**

14      Plaintiffs Jennifer Johnson and Joshua Keller demand a trial by jury for all issues so triable.

15                                      Respectfully submitted,

16                                      **JENNIFER JOHNSON** and **JOSHUA KELLER**,
                                        individually and on behalf of all others similarly
17                                      situated,

18  Dated: March 17, 2023              By: /s/ Rafey S. Balabanian
19                                          One of Plaintiffs' Attorneys

20                                      Rafey S. Balabanian (SBN 315962)
                                        rbalabanian@edelson.com
21                                      EDELSON PC
                                        150 California Street, 18th Floor
22                                      San Francisco, California 94111
                                        Tel: 415.212.9300
23                                      Fax: 415.373.9435

24

25

26

27

28

CLASS ACTION COMPLAINT              11

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Rafey Balabanian (SBN 315962)<br>Edelson PC, 150 California St., 18th Fl., San Francisco, CA 94111<br><br>TELEPHONE NO.: 415.212.9300   FAX NO. *(Optional):* 415.373.9435<br>E-MAIL ADDRESS: rbalabanian@edelson.com<br>ATTORNEY FOR *(Name):* Plaintiffs Jennifer Johnson and Joshua Keller | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>03/17/2023 at 06:09:53 PM<br>By: Angela Linhares,<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME: JENNIFER JOHNSON and JOSHUA KELLER, individually and on behalf of
all others similarly situated, v. AMAZON.COM, INC., a Delaware corporation,

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **23CV029587**<br><br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [x] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [ ] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more
        issues that will be time-consuming to resolve           courts in other counties, states, or countries, or in a federal
   c. [x] Substantial amount of documentary evidence             court
                                                          f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Violation of Cal. Penal Code § 637.3
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: March 17, 2023
Rafey Balabanian

_____                    _____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the*
    *case involves an uninsured*
    *motorist claim subject to*
    *arbitration, check this item*
    *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or*
    *toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil*
    *harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally*
    *complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal*
    *drugs, check this item; otherwise,*
    *report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex*
    *case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-*
      *domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified*
    *above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-*
      *harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified*
    *above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: Johnson, et al. v. Amazon.com, Inc. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| [ ] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ x ] Hayward Hall of Justice  (447)<br>[ ] Pleasanton, Gale-Schenone Hall of Justice  (448) |
|---|---|

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?   [ ] yes  [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [x] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   **[ ] Yes    [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes   [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

| | |
|---|---|
| , et al,<br><br>           Plaintiffs | Case No. |
| , et al.<br><br>           Defendants | INITIAL CASE MANAGEMENT ORDER<br><br>ASSIGNED FOR ALL PRE-TRIAL<br>PURPOSES  TO: JUDGE BRAD<br>SELIGMAN, DEPARTMENT 23 |

The following order shall apply to all parties in this action:

1.  CASE MANAGEMENT CONFERENCES

At Case Management Conferences the Court will address discovery issues, schedules, and other subjects pursuant to CRC 3.750.  Counsel thoroughly familiar with the case shall attend the Case Management Conferences.  See LRC, Rule 3.290.

At the Initial CCMC, the parties must be prepared to discuss at length the nature of the case, both factually and legally, as well as the projected management of the case at each stage.  This is not a perfunctory exercise.  The primary objective of the CCMC is to develop a comprehensive plan for a just, speedy and economical determination of the litigation.

Courtesy copies of statements must be delivered directly to Dept. 23.  The filing and delivery date is not later than five court days before the conference.

The Court strongly prefers joint CCMC statements prepared in narrative form, and not using Form CM-110, after counsel have met and conferred as required by CRC 3.724.  CCMC statements must address the following issues when applicable:

1

A.  A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B.  The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable;

C.  Deadlines and limits on joinder of parties and amended or additional pleadings;

D.  Class discovery and class certification, if applicable;

E.  A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion, and a projected trial date;

F.  An identification of all potential evidentiary issues involving confidentiality or protected evidence;

G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

(1)  unserved parties and the reasons for the failure to serve;

(2)  unserved and/or unfiled cross-complaints;

(3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;

(4)  any possible jurisdictional or venue issues that may arise;

(5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

2

(6)  unresolved law and motion matters;

(7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

(8)  severance of issues for trial; and

(9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and the use of a web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda. Counsel may also address ways of structuring the trial of the action such as bifurcation, severance, bell-weather trials, use of special masters, use of expedited jury procedures and/or waiver of jury.

Parties are advised to check the court's register of action before appearing at any case management conference, including the Initial Case Management, at least one day before any scheduled appearance to determine if the court has issued a tentative case management order.  If published, this tentative case management order will become the order of the Court unless counsel or self represented party notifies the Court and opposing counsel/self-represented party by email not less than one court day prior to the CMC that s/he intends to appear in person at the CMC to discuss some aspect of the order, and specifies the nature of the party's concern. (Please note that the Tentative Rulings posted on the website are for tentative rulings on law and motion matters and will not display tentative Case Management Orders. The tentative Case Management

Orders are found in the Register of Action). Department 23 may be reached at Dept.23@alameda.courts.ca.gov.

2. NOTICE OF FEE CHANGES - JURY TRIAL FEE

Effective July 2, 2012, the advance jury fee is fixed at $150.00, and is no longer refundable. With certain exceptions, the jury trial fee is due on or before the date scheduled for the initial case management conference. See, C.C.P. 631(b).

3. DISCOVERY

Discovery Conference: Motions related to discovery (i.e. motions to compel, protective orders etc.) may not be filed without leave of the court until after an informal discovery conference pursuant to revised Local Rule 3.31 (January 1, 2019) except a party may request a discovery conference in a Case Management Conference Statement. The discovery conference is not a pro forma step before a motion. Requests for a discovery conference may be made, after meaningful meet and confer, by sending an email to the department clerk, copied to all counsel. The court will provide proposed dates. Parties are to meet and confer as to availability for the proposed dates. If one or more parties are not available on the proposed date(s), additional dates may be requested. Upon request, the court will consider telephonic appearances as well as calls from depositions in progress.

4. EMAILS TO COURT

Emails to the court are not part of the court record in this case and may be deleted without notice. Email is not a substitute for required filings. Any emails should be copied to all counsel. The Department 23 email may only be used for the following purposes: to seek a reservation to schedule a proceeding on the court's calendar, to give

4

notice that a hearing has been dropped or a settlement reached, to request a discovery

conference, emergency scheduling issues (i.e. running late to a hearing), to give notice

that a litigant intends to appear to contest a tentative ruling, to reply to an inquiry from

the clerk or research attorney of Department 23, to communicate with the courtroom

clerk regarding department 23 procedures, or other matters that the court has expressly

authorized in this case.

    **5.** Pro Hac Vice Process

     Applications for Pro Hac Vice must be submitted by noticed motion on regular time, or,

if it is a time sensitive matter, a request for an order shortening time must be submitted.

Applications will not be considered on an ex parte basis. CRC 9.40.

    6. NOTICE

    Parties are advised that CASE MANAGEMENT ORDERS, including trial setting

orders, and FINAL RULINGS ON LAW AND MOTION that are issued by Dept. 23 will

be published in the Court's website in the Register of Action for this case.  The clerk of

the court WILL NOT serve each party a copy of future orders.  Instead, unless otherwise

ordered, counsel shall obtain copies of all future orders from the Register of Action in

this case.

    SERVICE OF THIS ORDER

    Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this

order on newly joined parties defendant not listed on the proof of service of this order and

file proof of service. Each party defendant joining any third party cross-defendant shall

have a continuing duty to serve a copy of this order on newly joined cross-defendants and

to file proof of service. The clerk is directed to serve a copy of this CASE

MANAGEMENT ORDER upon counsel for Plaintiff(s).

5

DATED: February 6, 2019

_____

BRAD SELIGMAN, JUDGE

1
2
3
4
5
6
7

8              SUPERIOR COURT OF CALIFORNIA

9                   COUNTY OF ALAMEDA

10

11  ,                                )  Case No.
                                     )
12                     Plaintiff,    )  **PROTECTIVE ORDER RE:**
                                     )  **CONFIDENTIAL INFORMATION**
13        vs.                        )
                                     )
14                                   )
                                     )
15                    Defendants.    )
                                     )
16

17       [MODEL] PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

18

19  [INTRO FOR STIPULATION]

20

21  [WHEREAS the parties in the action pending in the Superior Court of California,

22  County of Alameda entitled *** v. ***, Case No. *** ("the Litigation"), anticipate

23  that during the course of the Litigation documents and/or information of a

24  sensitive, private and confidential nature may be produced in the course of

25  discovery or otherwise disclosed or provided, and the parties wish to protect the

1   confidentiality of such documents or information while ensuring that discovery

2   may be pursued with a minimum of delay and expense,

3

4   THEREFORE the following parties, ***, ***, ***, ... (hereafter "Party or Parties")

5   hereby stipulate and agree to the following proposed Protective Order Re:

6   Confidential Information ("Protective Order"), subject to court approval:]

7

8   [INTRO FOR PROPOSED ORDER]

9

10  [WHEREAS the parties in the action pending in the Superior Court of California,

11  County of Alameda entitled *** v. ***, Case No. *** ("the Litigation"), ***, ***,

12  *** (hereafter "Party or Parties") have entered into a Stipulation for Protective

13  Order re: Confidential Information ("Protective Order"), and good cause appearing

14  therefore, the court HEREBY ORDERS AS FOLLOWS:]

15          1. SCOPE OF PROTECTIVE ORDER

16          (a) The protection of this Protective Order may be invoked with respect to any

17  documents, testimony, information, and things (collectively "materials") produced or created in

18  this action that contain Confidential Information.  As used herein, the term "Confidential

19  Information" includes testimony and records, including but not limited to discovery responses,

20  whether hardcopy or electronic, that contain confidential and/or proprietary trade secret

21  information, including, but not limited to, technical and competitively-sensitive information

22  protected by law, and information protected by California's constitution and common law right to

23  privacy. As set forth below, materials containing Confidential Information may be designated as

24  "Confidential." Such designation may be made by any Party or non-party producing materials in

25  this action ("Producing Party"), or may be made by a Party who determines, in good faith, that

-2-

materials produced by a non-party contain "Confidential" information ("Designating Party")
even though not so designated by the Producing Party.

(b) In the event that additional Parties join or are joined in this litigation, they shall not
have access to materials designated as "Confidential" pursuant to this Protective Order until they
have executed and, at the request of any Party, filed with the court their agreement to be bound
by this Protective Order.

2. DESIGNATION OF MATERIALS AS CONFIDENTIAL.

(a) "Confidential" materials shall include only such information as the Producing or
Designating Party in good faith contends should be protected pursuant to this Protective Order on
the grounds that the information is properly subject to protection under existing California or
federal law.

(b) In making the designation of materials pursuant to this Protective Order, the
Producing or Designating Party shall give due consideration to whether the information
contained in the materials (1) has been produced, disclosed or made available to the public in the
past, (2) has been published, communicated or disseminated to others not obligated to maintain
the confidentiality of the information contained therein, (3) has not been preserved or maintained
in a manner calculated to preserve its confidentiality, or (4) is available from a third party or
commercial source that is not obligated to maintain its confidentiality or privacy. The Producing
or Designating Party shall also give due consideration to the age of the materials.

(c) The protection of this Protective Order may be invoked with respect to materials in
the following manner:

(i) Documents when produced or otherwise designated shall bear the clear and
legible designation "Confidential" on each page of the document, except that in the case
of multi-page documents bound together by staple or other permanent binding, the
"Confidential" legend need only be affixed to the first page in order for the entire

-3-

document to be treated as "Confidential." Documents produced prior to the entry of this Protective Order may be designated as "Confidential" within thirty (30) days after entry, and documents produced by non-parties may be designated "Confidential" by a Party within thirty (30) days after such production.

(ii) As to discovery requests or the responses thereto, the pages of such requests or responses containing "Confidential" materials shall be so marked, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains 'Confidential' Material";

(iii) As to deposition testimony, "Confidential" treatment may be invoked by: (1) declaring the same on the record at the deposition with instructions to so designate the cover of the deposition transcript, or (2) designating specific pages as "Confidential" and serving such designations within thirty (30) days of receipt of the transcript of the deposition in which the designations are made. All deposition testimony shall be treated as "Confidential" pending receipt of a transcript of the deposition.

(d) If any Producing Party inadvertently produces or discloses any "Confidential" information without marking it with an appropriate legend, the Producing Party or a Designating Party shall promptly notify the receiving party that the information should be treated in accordance with the terms of this Protective Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of substitute copies, the receiving party shall return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation shall be made as soon as possible after the discovery of the inadvertent production or disclosure.

3. CHALLENGES TO "CONFIDENTIAL" DESIGNATION.

(a) Any Party believing materials designated as "Confidential" by another is not entitled to such designation shall notify the Producing or Designating Party of that belief in writing,

provide a brief statement of the basis for that belief with service on all other Parties, and allow ten (10) days for the Producing or Designating Party to respond.

(b) If a Producing or Designating Party does not modify its designation of the materials in response to a notice pursuant to paragraph 3(a) of this Protective Order, then the Party challenging the "Confidential" designation may move the court for an order modifying or removing such designation. To maintain "Confidential" status, the burden shall be on the proponent of confidentiality to show that the material or information is entitled to protection under applicable law. Unless and until a "Confidential" designation is voluntarily withdrawn by the Producing or Designating party, or the court issues an order modifying or removing such designation, the provisions of the Protective Order shall continue to apply.

4. DISCLOSURE OF MATERIALS DESIGNATED AS CONFIDENTIAL

(a) Materials designated "Confidential," as well as summaries, excerpts and extracts thereof, shall not be disclosed to or made accessible to any person except as specifically permitted by this Protective Order. Materials designated "Confidential" shall be used solely in the preparation for trial and/or trial of the Litigation, and shall not be used at any time for any other purpose.

(b) Materials designated as "Confidential" may be disclosed only to:

(i) The court, its clerks and research attorneys;

(ii) Attorneys actively involved in the representation of a Party, their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation;

(iii) In-house attorneys employed by any Party and working on the Litigation, and their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation;

(iv) The Parties, potential or actual class members, officers and employees of the Parties assisting counsel in the preparation of the case for trial, motion practice or

appellate proceedings, provided that the materials designated "Confidential" may be disclosed to such persons only to the extent such disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case;

(v) Any expert or consultant who is retained by any of the Parties or their counsel of record to assist counsel in the Litigation, and any employee of such an expert assisting in the Litigation (hereafter, "Experts");

(vi) Any person called to testify as a witness either at a deposition or court proceeding in the Litigation, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness, and also only if such persons are informed of the terms of this Protective Order, provided with a copy of the Protective Order and agree, on the record, that they are bound by the terms of the Protective Order and are required not to disclose information contained in the materials designated as "Confidential";

(vii) Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

(viii) Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide such services in connection with the Litigation and only after being informed of the provisions of this Protective Order and agreeing to abide by its terms;

(ix) Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents and contractors) to whom disclosure is reasonably necessary to their involvement in the Litigation; and

(x) Any person who created a document or was the recipient thereof.

(c) Each person to whom "Confidential" materials are disclosed (other than persons described in paragraphs 4(b)(i), (vii), and (viii)) shall execute a non-disclosure agreement in the form attached hereto as Exhibit A prior to their receipt of the Confidential materials, and shall agree to be bound by this Protective Order and to be subject to the 5 jurisdiction of this court for the purposes of enforcement, except that individuals identified in paragraphs 4(b)(ii) and (iii) shall not be required to execute such an agreement, provided that counsel making disclosure to such individuals advise them of the terms of the Protective Order and they agree to be bound thereby. Counsel disclosing "Confidential" materials to persons required to execute non-disclosure agreements shall retain all such executed agreements. Copies of the executed agreements shall be preserved by counsel and shall be provided to the opposing party if the court so orders upon a showing of good cause.

5. USE IN COURT PROCEEDINGS - FILING OF COURT PAPERS.

(a) Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the court any Confidential Information, provided that reasonable notice of the intended use of such material shall be given to all counsel of record in order to enable the parties to arrange for appropriate safeguards, and provided that the rules applicable to sealing records, as further addressed below, are followed. Likewise, nothing in this Protective Order shall be dispositive of any issues of relevance, discoverability or admissibility.

(b) The submission of any materials designated as "Confidential" pursuant to this Protective Order to the court in the Litigation must comply with California Rules of Court ("CRC") 2.550, 2.551 and 8.46 to the extent applicable. If the materials are required to be kept confidential by law or are submitted in connection with discovery motions or proceedings, no court order is required. (CRC 2.550(a)(2) and (3).) However, if the materials are submitted for use at trial or as the basis for adjudication of matters other than discovery motions or

proceedings, a court order sealing the materials is required and may only be obtained by careful compliance with the procedures set forth in CRC 2.551.

If either Party seeks to file Confidential material or disclose the contents of Confidential material designated as such by the opposing Party as a basis for adjudication other than discovery motions or proceedings (e.g., motions within the scope of CRC 3.1350 and 3.764), the filing Party must meet and confer with the designating Party at least 10 calendar days prior to the intended filing date to offer the designating Party the opportunity to evaluate whether the designated materials fall within the parameters of CRC 2.550(d), and to either (a) remove the Confidential designation, or (b) prepare a motion or application pursuant to CRC 2.551(b).

The Parties understand that failure to comply with the procedural requirements of CRC 2.551 or failure to present evidence sufficient to support the findings set forth in CRC 2.550(d) may result in the placement of confidential materials in the public file. The Parties further understand that no sealing order will be issued solely on the basis of the existence and applicability of this Protective Order. (CRC 2.551(a).)

6. MODIFICATION.

Nothing in this Protective Order shall preclude any Party from applying to the court to modify this Protective Order to provide for additional safeguards to ensure the confidentiality of materials produced in this action or otherwise modify this Protective Order for good cause shown. In the event that documents or information that warrant heightened protection as for "Attorney's Eyes Only" are requested to be produced, the Parties agree to negotiate in good faith to modify this Protective Order to provide for such protection.

7. DISPOSITION OF MATERIALS AT CONCLUSION OF CASE.

All materials designated as "Confidential" shall remain in the possession of the counsel of record of the Party to whom such materials are produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use

of persons to whom disclosure may be made under paragraph 4(b) of this Protective Order, or for the purpose of submission to the court under paragraph 5 of this Protective Order. Within sixty (60) days after this action is concluded, including the expiration or exhaustion of all rights to appeal, each Party to whom "Confidential" materials were produced shall, at the election of the Party receiving the materials, (a) return all documents and copies containing "Confidential" materials (including, but not limited to, copies in the possession or control of any expert or employee) to the Producing Party, or (b) promptly destroy all such materials and copies and provide a written certification under oath to the Producing Party and to any Designating Party to that effect.

      8. RETENTION OF JURISDICTION.

      The court shall retain jurisdiction over all persons to be bound by the terms of this Protective Order, during the pendency of this action and for such time thereafter as is needed to carry out its terms.

      IT IS SO ORDERED.

Date: _____        _____
                                 Paul D. Herbert
                                 Judge of the Superior Court

1
2

**Exhibit A**

3

**NONDISCLOSURE AGREEMENT**

4
5
6

I, _____, do solemnly swear that I am fully familiar

7

with the terms of the **PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION**

8

(Protective Order) entered in _____(Superior Court

9

of California, County of _____), and hereby agree to comply with and be bound

10

by the terms and conditions of said Protective Order unless and until modified by further

11

order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of

12

enforcing this Protective Order.

13
14
15

Dated: _____, 20__

16
17

By: _____

18

[Print] _____

19
20
21
22
23
24
25

-10-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**FOLLOWING IS A MODEL PROTECTIVE ORDER FOR SUGGESTED USE IN CIVIL COMPLEX CASES. USE OF THIS MODEL IS VOLUNTARY AND THE MODEL MAY BE REVISED PER THE CIRCUMSTANCES AND NEEDS OF A PARTICULAR CASE. ALL PROTECTIVE ORDERS MUST EXPLICITLY PROVIDE FOR COMPLIANCE WITH CALIFORNIA RULES OF COURT 2.550, 2.551 AND 8.46 TO THE EXTENT APPLICABLE, AND MUST BE SUBMITTED FOR COURT APPROVAL, WHETHER OR NOT BASED ON THIS MODEL, WITH THE PROPOSED ORDER AS A SEPARATE DOCUMENT FROM THE STIPULATION.**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

[MODEL] PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

[INTRO FOR STIPULATION]

[WHEREAS the parties in the action pending in the Superior Court of California, County of Alameda entitled \*\*\* v. \*\*\*, Case No. \*\*\* ("the Litigation"), anticipate that during the course of the Litigation documents and/or information of a sensitive, private and confidential nature may be produced in the course of discovery or otherwise disclosed or provided, and the parties wish to protect the confidentiality of such documents or information while ensuring that discovery may be pursued with a minimum of delay and expense,

THEREFORE the following parties, \*\*\*, \*\*\*, \*\*\*, ... (hereafter "Party or Parties") hereby stipulate and agree to the following proposed Protective Order Re: Confidential Information ("Protective Order"), subject to court approval:]

[INTRO FOR PROPOSED ORDER]

[WHEREAS the parties in the action pending in the Superior Court of California, County of Alameda entitled \*\*\* v. \*\*\*, Case No. \*\*\* ("the Litigation"), \*\*\*, \*\*\*, \*\*\* (hereafter "Party or Parties") have entered into a Stipulation for Protective Order re: Confidential Information ("Protective Order"), and good cause appearing therefore, the court HEREBY ORDERS AS FOLLOWS:]

1. SCOPE OF PROTECTIVE ORDER

(a) The protection of this Protective Order may be invoked with respect to any documents, testimony, information, and things (collectively "materials") produced or created in this action that contain Confidential Information. As used herein, the term "Confidential Information" includes testimony and records, including but not limited to discovery responses, whether hardcopy or electronic, that contain confidential and/or proprietary trade secret information, including, but not limited to, technical and competitively-sensitive information protected by law, and information protected by California's constitution and common law right to privacy. As set forth below, materials

1

containing Confidential Information may be designated as "Confidential." Such designation may be made by any Party or non-party producing materials in this action ("Producing Party"), or may be made by a Party who determines, in good faith, that materials produced by a non-party contain "Confidential" information ("Designating Party") even though not so designated by the Producing Party.

(b) In the event that additional Parties join or are joined in this litigation, they shall not have access to materials designated as "Confidential" pursuant to this Protective Order until they have executed and, at the request of any Party, filed with the court their agreement to be bound by this Protective Order.

2. DESIGNATION OF MATERIALS AS CONFIDENTIAL.

(a) "Confidential" materials shall include only such information as the Producing or Designating Party in good faith contends should be protected pursuant to this Protective Order on the grounds that the information is properly subject to protection under existing California or federal law.

(b) In making the designation of materials pursuant to this Protective Order, the Producing or Designating Party shall give due consideration to whether the information contained in the materials (1) has been produced, disclosed or made available to the public in the past, (2) has been published, communicated or disseminated to others not obligated to maintain the confidentiality of the information contained therein, (3) has not been preserved or maintained in a manner calculated to preserve its confidentiality, or (4) is available from a third party or commercial source that is not obligated to maintain its confidentiality or privacy. The Producing or Designating Party shall also give due consideration to the age of the materials.

(c) The protection of this Protective Order may be invoked with respect to materials in the following manner:

(i) Documents when produced or otherwise designated shall bear the clear and legible designation "Confidential" on each page of the document, except that in the case of multi-page documents bound together by staple or other permanent binding, the "Confidential" legend need only be affixed to the first page in order for the entire document to be treated as "Confidential." Documents produced prior to the entry of this Protective Order may be designated as "Confidential" within thirty (30) days after entry, and documents produced by non-parties may be designated "Confidential" by a Party within thirty (30) days after such production.

(ii) As to discovery requests or the responses thereto, the pages of such requests or responses containing "Confidential" materials shall be so marked, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains 'Confidential' Material";

2

(iii) As to deposition testimony, "Confidential" treatment may be invoked by: (1) declaring the same on the record at the deposition with instructions to so designate the cover of the deposition transcript, or (2) designating specific pages as "Confidential" and serving such designations within thirty (30) days of receipt of the transcript of the deposition in which the designations are made. All deposition testimony shall be treated as "Confidential" pending receipt of a transcript of the deposition.

(d) If any Producing Party inadvertently produces or discloses any "Confidential" information without marking it with an appropriate legend, the Producing Party or a Designating Party shall promptly notify the receiving party that the information should be treated in accordance with the terms of this Protective Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of substitute copies, the receiving party shall return the previously unmarked items and all copies thereof. The inadvertent disclosure shall not be deemed a waiver of confidentiality, and such designation shall be made as soon as possible after the discovery of the inadvertent production or disclosure.

3. CHALLENGES TO "CONFIDENTIAL" DESIGNATION.

(a) Any Party believing materials designated as "Confidential" by another is not entitled to such designation shall notify the Producing or Designating Party of that belief in writing, provide a brief statement of the basis for that belief with service on all other Parties, and allow ten (10) days for the Producing or Designating Party to respond.

(b) If a Producing or Designating Party does not modify its designation of the materials in response to a notice pursuant to paragraph 3(a) of this Protective Order, then the Party challenging the "Confidential" designation may move the court for an order modifying or removing such designation. To maintain "Confidential" status, the burden shall be on the proponent of confidentiality to show that the material or information is entitled to protection under applicable law. Unless and until a "Confidential" designation is voluntarily withdrawn by the Producing or Designating party, or the court issues an order modifying or removing such designation, the provisions of the Protective Order shall continue to apply.

4. DISCLOSURE OF MATERIALS DESIGNATED AS CONFIDENTIAL

(a) Materials designated "Confidential," as well as summaries, excerpts and extracts thereof, shall not be disclosed to or made accessible to any person except as specifically permitted by this Protective Order. Materials designated "Confidential" shall be used solely in the preparation for trial and/or trial of the Litigation, and shall not be used at any time for any other purpose.

(b) Materials designated as "Confidential" may be disclosed only to:

(i) The court, its clerks and research attorneys;

3

(ii) Attorneys actively involved in the representation of a Party, their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation;

(iii) In-house attorneys employed by any Party and working on the Litigation, and their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation;

(iv) The Parties, potential or actual class members, officers and employees of the Parties assisting counsel in the preparation of the case for trial, motion practice or appellate proceedings, provided that the materials designated "Confidential" may be disclosed to such persons only to the extent such disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case;

(v) Any expert or consultant who is retained by any of the Parties or their counsel of record to assist counsel in the Litigation, and any employee of such an expert assisting in the Litigation (hereafter, "Experts");

(vi) Any person called to testify as a witness either at a deposition or court proceeding in the Litigation, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness, and also only if such persons are informed of the terms of this Protective Order, provided with a copy of the Protective Order and agree, on the record, that they are bound by the terms of the Protective Order and are required not to disclose information contained in the materials designated as "Confidential";

(vii) Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

(viii) Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide such services in connection with the Litigation and only after being informed of the provisions of this Protective Order and agreeing to abide by its terms;

(ix) Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents and contractors) to whom disclosure is reasonably necessary to their involvement in the Litigation; and

(x) Any person who created a document or was the recipient thereof.

(c) Each person to whom "Confidential" materials are disclosed (other than persons described in paragraphs 2(b)(i), (vii), and (viii)) shall execute a non-disclosure agreement in the form attached hereto as Exhibit A prior to their receipt of the Confidential materials, and shall agree to be bound by this Protective Order and to be subject to the

jurisdiction of this court for the purposes of enforcement, except that individuals identified in paragraphs 2(b)(ii) and (iii) shall not be required to execute such an agreement, provided that counsel making disclosure to such individuals advise them of the terms of the Protective Order and they agree to be bound thereby. Counsel disclosing "Confidential" materials to persons required to execute non-disclosure agreements shall retain all such executed agreements. Copies of the executed agreements shall be preserved by counsel and shall be provided to the opposing party if the court so orders upon a showing of good cause.

5. USE IN COURT PROCEEDINGS - FILING OF COURT PAPERS.

(a) Nothing contained in this Protective Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the court any Confidential Information, provided that reasonable notice of the intended use of such material shall be given to all counsel of record in order to enable the parties to arrange for appropriate safeguards, and provided that the rules applicable to sealing records, as further addressed below, are followed. Likewise, nothing in this Protective Order shall be dispositive of any issues of relevance, discoverability or admissibility.

(b) The submission of any materials designated as "Confidential" pursuant to this Protective Order to the court in the Litigation must comply with California Rules of Court ("CRC") 2.550, 2.551 and 8.46 to the extent applicable. If the materials are required to be kept confidential by law or are submitted in connection with discovery motions or proceedings, no court order is required. (CRC 2.550(a)(2) and (3).) However, if the materials are submitted for use at trial or as the basis for adjudication of matters other than discovery motions or proceedings, a court order sealing the materials is required and may only be obtained by careful compliance with the procedures set forth in CRC 2.551.

If either Party seeks to file Confidential material or disclose the contents of Confidential material designated as such by the opposing Party as a basis for adjudication other than discovery motions or proceedings (e.g., motions within the scope of CRC 3.1350 and 3.764), the filing Party must meet and confer with the designating Party at least 10 calendar days prior to the intended filing date to offer the designating Party the opportunity to evaluate whether the designated materials fall within the parameters of CRC 2.550(d), and to either (a) remove the Confidential designation, or (b) prepare a motion or application pursuant to CRC 2.551(b).

The Parties understand that failure to comply with the procedural requirements of CRC 2.551 or failure to present evidence sufficient to support the findings set forth in CRC 2.550(d) may result in the placement of confidential materials in the public file. The Parties further understand that no sealing order will be issued solely on the basis of the existence and applicability of this Protective Order. (CRC 2.551(a).)

6. MODIFICATION.

Nothing in this Protective Order shall preclude any Party from applying to the court to modify this Protective Order to provide for additional safeguards to ensure the confidentiality of materials produced in this action or otherwise modify this Protective Order for good cause shown. In the event that documents or information that warrant heightened protection as for "Attorney's Eyes Only" are requested to be produced, the Parties agree to negotiate in good faith to modify this Protective Order to provide for such protection.

## 7. DISPOSITION OF MATERIALS AT CONCLUSION OF CASE.

All materials designated as "Confidential" shall remain in the possession of the counsel of record of the Party to whom such materials are produced, and they shall not permit any such materials to leave their possession, except that copies of such materials may be made for the use of persons to whom disclosure may be made under paragraph 4(b) of this Protective Order, or for the purpose of submission to the court under paragraph 5 of this Protective Order. Within sixty (60) days after this action is concluded, including the expiration or exhaustion of all rights to appeal, each Party to whom "Confidential" materials were produced shall, at the election of the Party receiving the materials, (a) return all documents and copies containing "Confidential" materials (including, but not limited to, copies in the possession or control of any expert or employee) to the Producing Party, or (b) promptly destroy all such materials and copies and provide a written certification under oath to the Producing Party and to any Designating Party to that effect.

## 8. RETENTION OF JURISDICTION.

The court shall retain jurisdiction over all persons to be bound by the terms of this Protective Order, during the pendency of this action and for such time thereafter as is needed to carry out its terms.



# DEPARTMENT 23 - COMPLEX LITIGATION
# THE HONORABLE BRAD SELIGMAN PRESIDING

### PROCEDURAL GUIDELINES
### FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENTS

Parties submitting class action settlements for final approval should be certain that the following procedures are followed, and that all of the following issues are addressed. Failure to do so may well result in unnecessary delay of final approval.

1) Since the date and place of final approval hearings are set by the preliminary approval order, notice of which is typically included in the notice to class members of the settlement itself (California Rules of Court ["CRC"] 3.769(e) & (f)), the final approval hearing is outside the scope of Code of Civil Procedure §1005. Nevertheless, settling parties should caption their papers submitted in support of final approval as a "Motion for Final Approval," and should obtain a motion reservation number from the Department 23 clerk before filing. Doing so will ensure proper handling in the court's electronic calendaring system, and provide the mechanism for the issuance of a tentative ruling.

2) With rare exceptions, the court will expect all issues related to final approval to be heard at the same time, including, without limitation, (a) final approval of the settlement itself, (b) approval of any attorneys fees request, (c) approval of incentive awards to class representatives, and (d) approval of expense reimbursements and costs of administration. If the settling parties elect to file separate motions for any of these categories, separate reservation numbers must be obtained, but the motions must be set to be heard concurrently.

3) All requests for approval of attorneys fees awards, whether included in a Motion for Final Approval or made by way of a separate motion, must include detailed lodestar information, even if the requested amount is based on a percentage of the settlement fund. The court generally finds the declarations of class counsel as to hours spent on various categories of activities related to the action, together with hourly billing

rate information, to be sufficient, provided it is adequately detailed. It is generally not necessary to submit copies of billing records themselves with the moving papers, but counsel should be prepared to submit such records at the court's request.

4) Requests for approval of enhancement/incentive payments to class representatives must include evidentiary support consistent with the parameters outlined in *Clark* v. *American Residential Services LLC* (2009) 175 Cal.App.4th 785, 804-807.

5) For all settlements that include a distribution to settlement class members, the court's custom and practice is to require that a portion of any attorneys' fees award (typically the greater of 10% or $5,000) be held in an interest-bearing account, maintained either by the claims administrator or by class counsel, pending the submission and approval of a final compliance status report after completion of the distribution process. A compliance hearing will be set when final approval is granted, so the moving papers should include a suggested range of dates for this purpose. The compliance status report must generally be filed (with a courtesy copy delivered directly to Dept. 23) at least 5 court days prior to the compliance hearing.

6) In light of the requirements of CRC 3.769(h), all final approvals must result in the entry of judgment, and the words "dismissal" and "dismissed" should be avoided not only in proposed orders and judgments, but also in settlement agreements.

7) To ensure appropriate handling by the court clerk, the court prefers the use of a combined "order and judgment," clearly captioned as such (e.g. "Order of Final Approval and Judgment" or "Order and Judgment of Final Approval"). The body of the proposed order and judgment must also incorporate the appropriate "judgment is hereby entered" language, and otherwise fully comply with California Rule of Court ("CRC") 3.769(h), including express reference to that rule as the authority for the court's continuing jurisdiction. The proposed order and judgment should also include the attorneys' fees holdback provision and compliance hearing provision (with date and time to be filled in by the court) discussed, above.

8) If the actions that are being settled are included in a Judicial Council Coordinated Proceedings ("JCCP"), termination of each included action by entry of judgment is subject to CRC 3.545(b) & (c), and proposed orders and judgments must so reflect. Language must also be included to the effect that compliance with CRC 3.545(b)(1 & 2) shall be undertaken by class counsel, and that a declaration shall be filed confirming such compliance.

9) All proposed orders and judgments should include all the requisite "recital," "finding," "order" and "judgment" language in a manner that clarifies the distinctions between these elements, and care must be taken that all terms that require definition are either defined in the proposed order and judgment itself or that definitions found elsewhere in the record are clearly incorporated by reference. No proposed order and judgment should be submitted until after review by senior class counsel and counsel for

all settling defendants.

      10) Electronic versions (Microsoft Word read/writeable) of all proposed orders and judgments should be submitted via email attachment to dept23@alameda.courts.ca.gov as far in advance of the time of the hearing as practicable.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>03/17/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: A. Linhares Deputy |
| PLAINTIFF:<br>Jennifer Johnson, individually and on behalf of all others similarly s | |
| DEFENDANT:<br>Amazon.com, Inc., a Delaware Corporation | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>23CV029587 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 07/17/2023   Time: 8:30 AM   Dept.: 23
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

**NOTICE OF
CASE MANAGEMENT CONFERENCE**

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>03/17/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ A. Linhares _____ Deputy |
| PLAINTIFF/PETITIONER: ,<br>Jennifer Johnson, individually and on behalf of all others similarly situated et al | |
| DEFENDANT/RESPONDENT:<br>Amazon.com, Inc., a Delaware Corporation | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23CV029587 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Rafey S. Balabanian
Edelson PC
150 California Street 18th Floor
San Francisco, CA 94111

Chad Finke, Executive Officer / Clerk of the Court

Dated: 03/20/2023    By:

A. Linhares, Deputy Clerk

**CERTIFICATE OF MAILING**

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>03/20/2023<br>Chad Flke , Executive Officer / Clerk of the Court<br>By: _____ A. Linhares _____ Deputy |
| PLAINTIFF:<br>Jennifer Johnson, individually and on behalf of all others similarly s | |
| DEFENDANT:<br>Amazon.com, Inc., a Delaware Corporation | |
| **NOTICE OF COMPLEX DETERMINATION HEARING** | CASE NUMBER:<br>23CV029587 |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all parties omitted from this notice or brought into the action after this notice was mailed.

Your Complex Determination Hearing has been scheduled on:

> Date: 04/18/2023    Time: 9:15 AM    Dept.: 23
>
> Location: Rene C. Davidson Courthouse
> Administration Building, 1221 Oak Street, Oakland, CA 94612

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Determination Hearing.

The judge may place a tentative ruling in your case's on-line register of actions before the hearing. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative rulings at https://eportal.alameda.courts.ca.gov.

**NOTICE OF COMPLEX DETERMINATION HEARING**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>03/20/2023<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ A. Linhares _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Jennifer Johnson, individually and on behalf of all others similarly situated  et al | |
| DEFENDANT/RESPONDENT:<br>Amazon.com, Inc., a Delaware Corporation | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>23CV029587 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Complex Determination Hearing upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Rafey S. Balabanian
Edelson PC
150 California Street 18th Floor
San Francisco, CA 94111

Chad Finke, Executive Officer / Clerk of the Court

Dated: 03/21/2023                              By:

A. Linhares, Deputy Clerk

**CERTIFICATE OF MAILING**



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agreeing to ADR at your Initial Case Management Conference.

**QUESTIONS?** Call (510) 891-6055. Email: adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/divisions/civil/adr

---

### What Are the Advantages of Using ADR?

- *Faster* – Litigation can take years to complete but ADR usually takes weeks or months.
- *Cheaper* – Parties can save on attorneys' fees and litigation costs.
- *More control and flexibility* – Parties choose the ADR process appropriate for their case.
- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.
- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is the Disadvantage of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

ADR Info Sheet Rev. 05/23/22                                             *Page 1 of 2*

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

- o **Private Mediation:** This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

- o **Judicial Arbitration Program** (non-binding): The judge can refer a case, or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

- o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs in Alameda County

Low-cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377  Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephones: (925) 337-7175 | (925) 337-2915 (Spanish)
Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607 Telephone: (510) 768-3100 Website: www.cceb.org Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1.  Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

    Date:                          Time:                          Department:

2.  Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

    ☐ Court mediation              ☐ Judicial arbitration
    ☐ Private mediation            ☐ Private arbitration

3.  All parties agree to complete ADR within 90 days and certify that:

    a.  No party to the case has requested a complex civil litigation determination hearing;
    b.  All parties have been served and intend to submit to the jurisdiction of the court;
    c.  All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
    d.  Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
    e.  Case management statements are submitted with this stipulation;
    f.  All parties will attend ADR conferences; and,
    g.  The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
          (TYPE OR PRINT NAME)                          (SIGNATURE OF PLAINTIFF)

Date:

_____          ▶ _____

Form Approved for Mandatory Use<br>Superior Court of California,<br>County of Alameda<br>ALA ADR-001 [New January 1, 2010]     **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**     Cal. Rules of Court,<br>rule 3.221(a)(4)

(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____          ▶ _____
        (TYPE OR PRINT NAME)                              (SIGNATURE OF DEFENDANT)

Date:

_____          ▶ _____
        (TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)



## DEPARTMENT 23 - COMPLEX LITIGATION
## THE HONORABLE BRAD SELIGMAN PRESIDING

### GUIDELINES FOR SEALED RECORDS (DOCUMENTS) and
### COMPLIANCE WITH CALIFORNIA RULES OF COURT 2.550 & 2.551

## I - WHEN NO COURT ORDER REQUIRED

Pursuant to California Rule of Court ("Rule") 2.550(a)(2)&(3), a court order is *not* required to permit filing or lodging records under seal that

(A) are required to be kept confidential by law, or

(B) are filed or lodged in connection with discovery motions or proceedings.

Although Rule 2.551 technically does not apply when filing or lodging such records, parties should follow the procedures set forth in Rule 2.551(d) anyway, except that the envelope or container containing the records should be labeled appropriately. To avoid confusion, it is strongly recommended that the label state "UNDER SEAL" (without the word "conditionally"), clearly identify the nature of the records, and include the following language: **"NO COURT ORDER IS REQUIRED BECAUSE RULES OF COURT 2.550-2.551 DO NOT APPLY."**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## II - WHEN COURT ORDER REQUIRED

For all records for which a sealing order *is* required under Rule 2.550(a)(1) and 2.551(a), the procedures set forth in Rule 2.551 must be scrupulously followed. Specifically, compliance with Rule 2.551 shall include the following:

1) A **PUBLIC REDACTED VERSION** of *all* records lodged conditionally under seal, whether lodged by the party requesting that a record be filed under seal (Rule 2.551(b)(1)&(2)), or lodged by a party *not* intending to file a motion or application for

sealing order (Rule 2.551(b)(3)), **MUST BE PREPARED AND FILED** in connection with the underlying motion or trial.[1] This requirement also applies to any records lodged conditionally under seal in connection with the motion or application for sealing order. (Rule 2.551(b)(4) & (5).) After the public redacted versions are filed, the **COMPLETE VERSIONS** of the subject records **SHOULD BE LODGED** (NOT FILED) **DIRECTLY WITH THE COURTROOM CLERK** in Department 23.

2) When records are submitted conditionally under seal by the party seeking a sealing order, a **RULING MUST BE OBTAINED** on the motion or application for sealing order **PRIOR TO** the motion hearing or trial in which the records will be used. This is to ensure that the party seeking the sealing order is given the opportunity to withdraw the confidential documents from the record if the sealing order is denied. (Rule 2.551(b)(6).) The preferred procedure to ensure that this is accomplished is to reserve a hearing date for the sealing motion or application **AT LEAST ONE WEEK BEFORE** the underlying motion hearing or trial date. In the event that this is impossible or impractical, a sealing motion or application may be heard together with the underlying motion, with advanced approval from the court.

Motions or applications for sealing orders pursuant to Rule 2.551(b)(3)(B) may be heard at the same time and place as the underlying motion hearing or trial, but should be filed at least three court days before the hearing or trial date. The parties should bear in mind that when records are lodged conditionally under seal pursuant to Rule 2.551(b)(3)(A) in connection with the reply papers in a noticed motion situation, a continuance of the underlying motion will be necessary unless the party that produced the documents agrees to expedite its application for a sealing order under Rule 2.551(b)(3)(B), and should meet and confer on this issue when such a situation arises.

3) A sealing order will *not* be issued based solely on the fact that the subject records were designate by the producing party as "confidential" pursuant to a stipulated protective order. (Rule 2.551(a).)

4) All motions or applications for sealing orders must include a proposed form of order that complies with Rule 2.550(d) & (e), as well as Rule 2.551(e). The requisite express factual findings will only be made based on admissible evidence (hearsay attorney declarations are generally not acceptable).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

[1] Service of redacted or unredacted records is governed by Rule 2.551(b)(2).



## DEPARTMENT 23 - COMPLEX LITIGATION
## THE HONORABLE BRAD SELIGMAN PRESIDING

### COMPLIANCE WITH CALIFORNIA RULE OF COURT 3.1113(i)
### (Copies of Non-California Authorities)

Effective July 1, 2011, California Rule of Court ("CRC") 3.1113(i) was amended.

Before amendment, CRC 3.1113(i) required that copies of any authority other than California cases, statutes, constitutional provisions, or state or local rules ("non-California authorities") cited in a memorandum in support of a motion be lodged with the papers that cite the authority.

After amendment, CRC 3.1113(i)(1) reads as follows:

"(i) Copies of authorities

(1) A judge may require that if any authority other than California cases, statutes, constitutional provisions, or state or local rules is cited, a copy of the authority must be lodged with the papers that cite the authority. If in paper form, the authority must be tabbed or separated as required by rule 3.1110(f)(3). If in electronic form, the authority must be electronically bookmarked as required by rule 3.1110(f)(4)."

Unless explicitly directed in advance by Judge Seligman to do so on a case or hearing specific basis, parties submitting memoranda in connections with motions to be heard in Department 23 should NOT lodge copies of non-California authorities.

**EXCEPTION:**

Because the court only has access to federal cases via Westlaw, and NOT via LEXIS, when federal cases that are not reported in an official reporter are cited as persuasive authority, either (a) a Westlaw citation must be provided, or (b) a printed copy of the case should be submitted.

Updated 11/09/2017

Pretrial Order:

 All parties shall comply with Local Rule of Court 3.35, with the following modifications and clarifications and subject to any further order of the trial judge.   All references to jury are provisional i.e. if a jury trial is requested and appropriate.

Pretrial Meet and Confer:

At least fourteen (14) days prior to the Conference, the parties are **ORDERED** to meet-and-confer regarding, and to report any agreements or disputes about, the following subjects:

(1) the reservation of exhibit number ranges for each party; (2) which of the parties' exhibits can be admitted without objection and the elimination of duplicative exhibits; (3) whether there are any evidentiary issues that will require pre-trial hearing; (4) whether any issue in the trial should be bifurcated; (5) the length of the trial; (6) any outstanding discovery and completion dates; (7) deposition designations and counter-designations and any objections thereto; (8) the jury instructions on which they agree and the short list of those in dispute; (9) topics on which they wish the Court to voir dire the jury and the utility of a jury questionnaire; (10) the benefit of additional alternative dispute resolution prior to trial; (11) the need for an interpreter for any witness (Gov't Code §68560; Evid. Code §§750-755.5); (12) arrangements the parties intend to make for the provision of a court reporter in light of the fact that Alameda Superior Court no longer supplies reporters for civil trials; (13) a written stipulation in conformity with Government Code section 70044; (14) the possibility of stipulating to an 8-person jury with 6 required to reach a verdict on any issue (Code Civ. Pro, §§61001 et seq.); (15) a statement of the case to be read to the jury along with a witness list and (16) any other trial readiness issues.  Note that the stipulation of the parties to waive or extend the statutory discovery cut-off date is **NOT** an excuse for failing to satisfy the foregoing requirements.

<u>JOINT SUBMISSIONS</u>

The parties shall submit the following documents at the Pretrial Conference. Unless otherwise requested by the court, courtesy copies of these documents should not be submitted to the court in advance of the pretrial conference.

1. <u>Jury Instructions</u> – with ALL BLANKS FILLED IN - which will be given to the jurors at the start (pre-instructions i.e. CACI 100-200 series plus basic cause of action instructions) and conclusion of the trial. This does not mean a set of instructions from each party or side. The court expects the parties to resolve any differences amongst themselves and present a unified set of instruction. It is easier to delete instructions that do not apply after the presentation of evidence than to craft instructions on the eve of argument. Any proposed jury instruction, including any proposed Special Jury Instruction, not agreed upon shall be separately submitted by each party.

2. <u>Verdict Form</u> - A single verdict form which will be used by the jury. Again this does not mean different verdict forms from each party or side. The observation noted above as to the jury instructions applies equally to the verdict form. With both Jury Instructions and Verdict Forms all causes of action and defenses must be included even if counsel expects some may be eliminated on motion or otherwise stricken or modified.

3. <u>Exhibit List</u> - An exhibit list with no duplicate documents. Counsel shall meet and confer to determine an assignment of blocks of exhibit numbers per party. Pre-marked exhibits shall be

lodged with the Court on the first day of trial along with an Index identifying each of the numbered exhibits (e.g. 10 page letter from X to Y dated ___). The description on the index will be used by the court to identify in the record the documents that are marked for identification or admitted into evidence during the trial. Exhibits (and if voluminous, exhibit binders) pertaining to each witness shall be presented to the court prior to examination of that witness.

4. <u>Witness List</u> - A common witness list limited to those witnesses which the parties actually expect to call to testify (this list will be used in the Juror Questionnaire).

5. <u>Jury Questionnaire</u> - A common juror questionnaire, if the parties agree to use one, with questions in disagreement to be highlighted. A form "Instructions to Jurors" should be attached as the first page to any submitted questionnaire. A list of all potential witnesses and counsel should be attached to the witness list.

6. <u>Statement of the Case/Mini-Opening</u> - A Statement of the Case to be read to the jury. (Counsel shall advise the court if they are agreeable to making mini-opening statements of no more than 3 minutes each).

7. <u>Time Estimate</u> - A reasonable cumulative time estimate from each side for the number of hours needed to present their case. This reasonable estimate shall include: opening statement, final argument, direct examination of their party's witnesses and cross examination of opposing witnesses. In other words how much time does each party need for the presentation of their case?

8. <u>Trial Brief</u> – Limited to 10 pages each side.

<u>Motions In Limine:</u>

Absent good cause and leave of the court, each side is limited to a maximum of 4 motions *in limine*. The following *in limine* motions shall NOT be filed but shall be deemed already to have been **ORDERED:** (a) exclude all witnesses until testimony completed; (b) no reference to or evidence of settlement discussions or mediation; (c) no reference to or evidence of insurance; (d) no reference to or evidence of other claims/suits/actions against a party; and (e) no reference to or evidence of wealth or lack thereof of any party except in the punitive damage phase of a case. Exceptions to the foregoing must be raised by motion. Do NOT file generic motions unrelated to the specific facts of the case (e.g., "motion to exclude evidence not disclosed in discovery"). Such motions asking the court to apply the law without a factual record as to how such principles apply to the current case are a waste of time. (See *Kelly v. New West Federal Savings* (1996) 49 Cal.App.4[th] 659, 670.) . Motions shall be filed and served no later than 14 days before the pretrial conference and any opposition 7 days before the conference. Parties shall meet and confer prior to the pretrial conference on whether any of these motions will be dropped or stipulated to. Parties shall bring a notebook(s) containing each motion and opposition to the pretrial conference for the court along with ONE list of all in limine motions filed – plaintiffs' listed first and then defendants' motions in numerical order - with the subject of each motion described in less than 10 words and an indication if the motion is stipulated, withdrawn, deferred or contested and leaving a space for a ruling (grant/denied).

Parties are to comply with revised Local Rule 3.35(e)(2) which states:

"Unless otherwise ordered by the trial judge, all motions in limine subject to this rule must be in writing, numbered consecutively and filed in the clerk's office at least three court days before the pretrial conference or, if there is no pretrial conference, three court days before trial. Motions in limine addressing separate evidence or issues shall not be aggregated into one motion.  Reservation numbers are not required for motions in limine subject to this rule."

Deposition Designations

At least 14 days prior to the Pretrial Conference, counsel shall exchange proposed page and line designations of testimony of witnesses who will not be appearing live at trial. At least 7 days prior to the conference counsel shall exchange objections and counter-designations and shall meet and confer.  Deposition designations and counter designations shall not be filed with the court nor shall advance courtesy copies be sent to the court.  The parties shall meet and confer prior to the Pretrial Conference in order to narrow the number of depositions, designations and objections. Where objections cannot be resolved and require court ruling, counsel shall prepare an index for each transcript at issue with columns identifying (1) the page and line designations and counter-designations. (2) the objections, if any, to said page and line designations; (3) the response(s) to said objections; and (4) boxes for the court to check whether the objection(s) to the designated page and lines are "sustained" or "overruled." Counsel shall provide the trial judge with each transcript at issue with the contested page and line designations highlighted with a different color for each party.

Trial Procedures:

(1) OPENING STATEMENTS : In opening statements to the jury by counsel, no display to the jury or reference should be made to any document, chart, graph, map, picture, model, video or any other graphic device or presentation except 1)when marked as an exhibit and received in evidence; 2)by stipulation of counsel; or 3)with leave of court. With prior approval of the court, counsel may use paper for illustrative purposes during opening statements. At least 48 hours in advance of the Opening Statement (and if it is on a Monday, by 5 pm. The prior Friday) parties shall exchange any power point screens or other visual or demonstrative aids (e.g.photographs, maps, charts, excerpts of deposition testimony or documents) they intend to display to the jury in their Opening Statement.  Objections to any said materials shall be brought the attention of the trial judge immediately so that the court has reasonable time to rule upon any objections prior to Opening Statements being presented.

(2) TRIAL:  Parties shall identify to opposing parties the names of the witnesses they will be calling to the stand and exhibits they intend to introduce (in their direct case) at least 48 hours in advance (and no later than Friday 5 p.m. for Monday witnesses). Failure to strictly comply with this order may result in preclusion of the witness or exhibit until the full 48 hours' notice is complied with.

# DEPARTMENT 23 - COMPLEX LITIGATION
# THE HONORABLE BRAD SELIGMAN PRESIDING

## COURT CONTACT INFORMATION FOR CLASS NOTICES

All notices to class members should include information regarding access to the Alameda County Superior Court's website, known as eportal. Because the court charges a fee for viewing documents on eportal, notices should also include directions for viewing the court's electronic case files in person at no charge by way of computer terminal kiosks that are available at court locations that include facilities for civil filings, specifically the René C. Davidson Courthouse and the Hayward Hall of Justice..

Below, for purposes of illustration only, is language that has been approved by this court for use in class notices in the past.

 "The pleadings and other records in this litigation may be examined online on the Alameda County Superior Court's website, known as 'eCourt Public Portal,' at  https://eportal.alameda.courts.ca.gov.
After arriving at the website, click the 'Search ' tab at the top of the page, then select the Document Downloads link, enter the case number and click 'Submit.' Images of every document filed in the case may be viewed at a minimal charge. You may also view images of every document filed in the case free of charge by using one of the computer terminal kiosks available at each court location that has a facility for civil filings.
To view the Register of Actions, go to the 'Search ' tab at the top of the page, then select the 'Search by Case Number" enter the case number, select 'Search' and click the link to the case name. You will be see the Register of Actions and more."

SETTLEMENT CLASS NOTICES:

In addition to the language regarding eportal, above, notices to members of a proposed settlement class should also include directions for the submission of objections and opt outs to the settlement that reflect the court's policy and practice of limiting the burden of serving objections and opt outs.  They should only be sent to the class administrator,

who then "bundles" the objections and opt outs and files them with the court.  Class members should not be required to serve multiple parties or the court with their objections or opt outs.



# DEPARTMENT 23 - COMPLEX LITIGATION
# THE HONORABLE BRAD SELIGMAN PRESIDING

### PROCEDURAL GUIDELINES
### FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS

Parties submitting class action settlements for preliminary approval should be certain that the following procedures are followed and that all of the following issues are addressed. Failure to do so may well result in unnecessary delay of approval. It is also strongly suggested that these guidelines be considered during settlement negotiations and the drafting of settlement agreements.

1) NOTICED MOTION - Pursuant to California Rule of Court ("CRC") 3.769(c), preliminary approval of a class action settlement must be obtained by way of regularly noticed motion. A motion reservation number must be obtained from the Department 23 clerk before filing. Doing so will ensure proper handling in the court's electronic calendaring system and provide the mechanism for the issuance of a tentative ruling..

2) CLAIMS MADE VS. CHECKS-MAILED SETTLEMENT/CY PRES – The court typically finds that settlement distribution procedures that do not require the submission of claim forms, but rather provide for settlement checks to be automatically mailed to qualified recipients, result in greater benefit to the members of most settlement classes. If a claims-made procedure is proposed to be used, the settling parties must be prepared to explain why that form is superior to a checks-mailed approach. Under either procedure, the agreement regarding disposition of residual funds, including uncashed settlement checks, must comply with Code of Civil Procedure ("CCP") 384. This requires a post-judgment report of the amount actually paid to the class and an amendment of the judgment to indicate the amount required to be paid to the cy pres designee.

3) REASONABLENESS OF SETTLEMENT AMOUNT – Admissible evidence, typically in the form of declaration(s) of plaintiffs' counsel, must be presented to address the potential value of each claim that is being settled, as well the value of other forms of

Updated July 5, 2018 Page 1

relief, such as interest, penalties and injunctive relief. Counsel must break out the potential recovery by claims, injuries, and recoverable costs and attorneys' fees so the court can discern the potential cash value of the claims and how much the case was discounted for settlement purposes. (See *Kullar v. Foot Locker Retail, Inc.* (2008) 168 Cal.App.4th 116.) Where the operative complaint seeks injunctive relief, the value of prospective injunctive relief, if any, should be included in the *Kullar* analysis. The court generally requires that this analysis be fully developed and supported at the preliminary approval stage.

4) ALLOCATION – In employment cases, if the settlement payments are divided between taxable and non-taxable amounts, a rationale should be provided consistent with counsel's *Kullar* analysis. The agreement and notice should clearly indicate whether there will be withholdings from the distribution checks, and who is paying the employer's share of any payroll tax. The court is unlikely to approve imposing the employer's share of payroll taxes on class members. If the operative complaint and the settlement include penalties under the Labor Code Private Attorneys General Act of 2004 ("PAGA"), proof of submission to the LWDA must be provided. (Labor Code §2999(l)(1).)

5) RELEASE - The release should be fairly tailored to the claims that were or could be asserted in the lawsuit based upon the facts alleged in the complaint. Releases that are overbroad will not be approved. Furthermore, while the court has no problem, conceptually, with the waiver by the named Plaintiff of the protection of Civil Code §1542, a 1542 waiver by the absent class members is generally inappropriate in the class settlement context. A comprehensive description of released claims as those arising out of the allegations of the operative complaint generally provides an adequate level of protection against future claims. A 1542 waiver, which by its own terms is not necessary circumscribed by any definition of "Released Claims," goes too far. Also, although the court will not necessarily withhold approval on this basis, it generally considers a plain language summary of the release to be better than a verbatim rendition in the proposed class notice.

6) SETTLEMENT ADMINISTRATION - The proposed Settlement Administrator must be identified, including basic information regarding its level of experience. Where calculation of an individual's award is subject to possible dispute, a dispute resolution process should be specified. The court will not approve the amount of the costs award to the Settlement Administrator until the final approval hearing, at which time admissible evidence to support the request must be provided. The court also generally prefers to see a settlement term that funds allocated but not paid to the Settlement Administrator will be distributed to the class pro rata.

7) NOTICE PROCEDURE - The procedure of notice by first-class mail followed by re-sending any returned mail after a skip trace is usually acceptable. A 60-day notice period is usually adequate.

8) NOTICE CONTENT - The court understands that there can be a trade off between precise and comprehensive disclosures and easily understandable disclosures and is willing to err on the side of making the disclosures understandable. By way of illustration, parties should either follow, or at least become familiar with the formatting

and content of The Federal Judicial Center's "Illustrative" Forms of Class Action Notices at http://www.fjc.gov/, which conveys important information to class members in a manner that complies with the standards in the S.E.C.'s plain English rules.  (17 C.F.R. § 230.421.)

Notices should always provide: (1) contact information for class counsel to answer questions; (2) a URL to a web site, maintained by the claims administrator or plaintiffs' counsel, that has links to the notice and the most important documents in the case; and (3) for persons who wish to review the court's docket in the case, the URL for the court's electronic filing and calendaring system known as DomainWeb. Further information and suggested language to be included in class notices is set forth in the court's document entitled Dept. 23 Court Contact Info (Class Notices).

9) CLAIM FORM - If a claim form is used, it should not repeat voluminous information from the notice, such as the entire release. It should only contain that which is necessary to elicit the information necessary to administer the settlement.

10) EXCLUSION AND OBJECTION- The notice need only instruct class members who wish to exclude themselves to send a letter to the settlement administrator setting forth their name and a statement that they request exclusion from the class and do not wish to participate in the settlement. It should not include or solicit extraneous information not needed to effect an exclusion. Objections should also be sent to the settlement administrator (not filed with the court nor served on counsel). Thereafter counsel should file a single packet of all objections with the court. The court will not approve blanket statements that objections will be waived or not considered if not timely or otherwise compliant—rather, any such statements must be preceded by a statement that Absent good cause found by the court...." The court allows objectors to be heard at the final approval hearing even if the objector has not filed a written objection.

11) INCENTIVE AWARDS - The court will not decide the amount of any incentive award until final approval hearing, at which time evidence regarding the nature of the plaintiff's participation in the action, including specifics of actions taken, time committed and risks faced, if any, must be presented.  (*Clark v. American Residential Services LLC* (2009) 175 Cal.App.4th 785, 804-807.)

12) ATTORNEY FEES - The court will not approve the amount of attorneys' fees until final approval hearing, at which time sufficient evidence must be presented for a lodestar analysis. Parties are reminded that the court will not award attorneys' fees without reviewing information about counsel's hourly rate and the time spent on the case, even if the parties have agreed to the fees. (*Laffitte v. Robert Half International, Inc.* (2016) 1 Cal. 5th 480, 573-575.)  Further information regarding fee approval is set forth in the court's Procedural Guidelines for Final Approval of Class Action Settlements.

13) PROPOSED ORDER GRANTING PRELIMINARY APPROVAL – All proposed orders should include the requisite "recital," "finding," and "order" language, including adequate information to provide clear instruction to the settlement administrator. The proposed order should also attach the proposed notice and any associated forms as exhibits.

14) CY PRES- Any left-over or unclaimed funds should be distributed pursuant to CCP 384. Escheat to the state Controller is not compliant with that statute which requires unclaimed funds to be given to nonprofit organizations.